# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
JUN 27 2005
CLERK US DIST COURT
ST. PAUL, MN

No. 03-2180

CR02-281 PAM/RLE

| | | |
|---|---|---|
| United States of America, | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Dennis Joseph Hadash, | * | |
| | * | |
| Appellee. | * | |

RECEIVED
BY MAIL
JUL 08 2005
CLERK US DIST COURT
ST. PAUL, MN

Submitted: May 12, 2004
Filed: May 27, 2005

Before WOLLMAN, HEANEY, and MURPHY, Circuit Judges.

WOLLMAN, Circuit Judge.

Dennis Hadash pleaded guilty to unlawful possession of six firearms in violation of 18 U.S.C. § 922(j). The district court[1] sentenced Hadash to four years of probation, restitution ($834), and a fine ($3,000). The government appeals, asserting that the district court erred in applying United States Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(2) and that the district court was not justified in stating that it would alternatively depart downward to the same level. Although we agree that the

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

SCANNED
JUL 11 2005
U.S. DISTRICT COURT ST. PAUL

district court incorrectly applied U.S.S.G. § 2K2.1(b)(2), we affirm the downward departure in light of recent changes to our sentencing laws.

**I.**

While working as a maintenance employee at the United States Postal Service's mail recovery center in St. Paul, Minnesota, Hadash stole six semi-automatic handguns that were in storage at the facility because they had been rejected by the addressee. Hadash used some of the guns for target practice, gave one to a neighbor, and sold one to his girlfriend's son. When questioned, Hadash quickly confessed. He entered into a plea agreement, admitting that he possessed stolen firearms and agreeing to forfeit all his interest in the guns.

The parties agreed that U.S.S.G. § 2K2.1(a)(7) established a base offense level of 12. The district court applied two two-level increases because six firearms were involved, U.S.S.G. § 2K2.1(b)(1)(A), and because Hadash abused a position of trust when he stole mail while working as a postal service employee. U.S.S.G. § 3B1.3. Because of his acceptance of responsibility, Hadash received a three-level reduction. U.S.S.G. § 3E1.1. This calculation resulted in an offense level of 13, absent additional departures, with a range of 12 to 18 months' imprisonment for a defendant with a criminal history category of I. The government argued that no other departures were warranted.

The district court, however, applied a six-level downward guideline adjustment for collection of firearms, U.S.S.G. § 2K2.1(b)(2), acknowledging that it was utilizing "a broad definition to the term ['collection']." The district court stated in the alternative, however, that if the collections provision could not be appropriately applied, it would nevertheless depart to precisely the same range. It cited Koon v. United States, 518 U.S. 81 (1996), implying that it would find that there were mitigating circumstances that were not adequately taken into consideration by the

guidelines calculation. Id. at 94; see also U.S.S.G. § 5K2.0. The six-level reduction resulted in an offense level of seven, with a range of 0 to 6 months' imprisonment.

## II.

Although the Supreme Court changed the applicability of the sentencing guidelines from mandatory to advisory in United States v. Booker, 125 S. Ct. 738 (2005), we continue to review *de novo* challenges to the applicability of the guidelines. See United States v. Mathijssen, No. 04-1995, slip op. at 3 (8th Cir. May 2, 2005). We also continue to review factual findings made by the district court for clear error. United States v. Mashek, No. 04-2560, slip op. at 7-8 (8th Cir. May 10, 1005). Although Booker provided that we will review the ultimate sentence for unreasonableness, the correct guidelines range is still "the critical starting point for the imposition of a sentence." Id. at 6 n.4. We therefore utilize the following approach to review. We first ask whether the district court correctly applied the guidelines in determining a guidelines sentencing range. Id. at 7. If the guidelines were correctly applied, we then consider whether the sentence chosen by the district court was reasonable in light of all the § 3553(a) factors. See United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005). If, however, the guidelines were incorrectly applied, "we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a)." Mashek, slip op. at 8. Remand is unnecessary, however, if the error in application was harmless, such as when the district court would have imposed the same sentence absent the error. Id.

We conclude that it was clear error for the district court to conclude, in light of contrary evidence, that Hadash possessed the six firearms at issue "solely for lawful sporting purposes or collection" and to apply a six-level departure under U.S.S.G. § 2K2.1(b)(2). That conclusion is contrary to our precedent and amounts to an improper application of the plain meaning of the guideline. U.S.S.G. § 2K2.1(b)(2) states:

> If the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

For this section to apply, the defendant has the burden of proving that its terms have been met. See United States v. Letts, 264 F.3d 787, 791 (8th Cir. 2001). The defendant must prove that every firearm at issue was possessed solely for the purpose of collection. See United States v. Ramirez-Rios, 270 F.3d 1185, 1187 (8th Cir. 2001).

Nothing in the record indicates that Hadash has met this burden. He did not even keep all of the six firearms, but gave one away and sold another. Nor did Hadash present any evidence that he stored or used the guns in a manner that reflected the collection purpose. Indeed, Hadash's counsel acknowledged during the sentencing hearing that "the argument was never intended to be that this was a lawful collection" and that Hadash very likely "had nothing like that in mind when he stole the guns." Sentencing Tr. at 5.

Although we conclude that the district court erred in its application of U.S.S.G. § 2K2.1, we find that the error was harmless because the district court stated that it alternatively would depart to the same level if the provision did not apply. Sentencing Tr. at 8. We therefore ask whether the decision to depart from the correctly determined guidelines range of 12 to 18 months' imprisonment down to a term of probation and a fine was reasonable.

We have stated that our reasonableness review is akin to the pre-PROTECT Act[2] appellate practice for reviewing downward departures: abuse of discretion

---

[2] Sections 401(d)(1) and (2) of the PROTECT Act, Pub. L. 108-21 (2003), amended 18 U.S.C. § 3742(e) and altered the level of deference the court of appeals

review. See United States v. Dalton, No. 04-1361, slip op. at 6 (8th Cir. Apr. 13, 2005); Mashek, slip op. at 8. If the district court departs, it must still "provide the reasons for its imposition of the particular sentence." Mashek, slip op. at 6 n.4; see also 18 U.S.C. § 3553(c). Our review differs from pre-PROTECT Act review, however, because our primary point of reference is now § 3553(a), see Booker, 125 S. Ct. at 765, instead of § 3553(b) as interpreted in Koon, 518 U.S. at 92-93 (elaborating the application of § 3742(e) before the PROTECT Act). Prior to the PROTECT Act, departures not specifically enumerated in the guidelines were allowed if they fell within the exception in § 3553(b), which stated that the district court "shall impose a sentence" within the guidelines range unless "mitigating circumstances" existed that were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The district court could consider only the "sentencing guidelines, policy statements, and official commentary of the Sentencing Commission" in its consideration of whether the Commission adequately accounted for a particular circumstance. Id.; see also U.S.S.G. § 5K2.0(a)(1). It could depart without abusing its discretion if the case was "unusual enough for it to fall outside the heartland of cases in the Guideline" at issue, based on whether the Sentencing Commission had forbidden, encouraged, or discouraged consideration of certain relevant facts. See Koon, 518 U.S. at 98-100. In addition to excising the PROTECT Act provision, § 3742(e), however, Booker also excised § 3553(b) and its narrow prescription for when departures are warranted. See Booker, 125 S. Ct. at 764.

After Booker, therefore, we ask "whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether

---

gave to the district court's application of the sentencing guidelines to the facts; it required *de novo* review of whether a departure was or was not justified by the facts of the case. See United States v. Aguilar-Portillo, 334 F.3d 744, 749-50 (8th Cir. 2003). Booker, however, excised § 3742(e) and expressly rejected *de novo* review of departures. 125 S. Ct. at 764.

the extent of any § 3553(a) variance or guidelines departure is reasonable." Mashek, slip op. at 9. Because the guidelines are now advisory, a reasonable departure is not limited solely to circumstances that the formerly mandatory guidelines framework would have deemed permissible bases for departure. We must consider more broadly whether the district court considered and weighed the § 3553(a) factors in addition to the recommended guidelines range and stated its reasons for choosing the particular sentence. We recognize that deference is often appropriate because the district court is in a better position to judge the credibility of the witnesses and to find the relevant facts. See Koon, 518 U.S. at 97; United States v. Wells, 127 F.3d 739, 748 (8th Cir. 1997). Although the sentencing court has discretion to impose a sentence once it has considered all the § 3553(a) factors, its ruling "may be unreasonable if [it] fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." Haack, 403 F.3d at 1004.

We conclude that the district court's decision to depart downward was reasonable based on the § 3553(a) factors. Although the district court was operating under the mandatory guidelines framework, it listed several § 3553(a) factors to justify the departure from the recommended guidelines range. For example, it addressed "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), when it stated that Hadash was simply "a law abiding citizen, who [did] an incredibly dumb thing." In addition, the district court's statement that most gun cases involve "people that get themselves guns to do very bad things" reflects that it considered "the need for the sentence imposed" for purposes of just punishment, adequate deterrence, and correctional treatment, see 18 U.S.C. § 3553(a)(2), and that it concluded that Hadash was not the type of defendant the guidelines section was designed to punish. In a word, the district court considered appropriate factors and reasonably concluded that Hadash's

circumstances were such that a lower sentence would not cause unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(6).

The sentence is affirmed.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans